**Silas ANGEL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–87–00613–Cr.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 25, 1988.

Russell C. Busby, Austin, for appellant.

Charles D. Houston, Dist. Atty., Bellville, for appellee.

Before JACK SMITH, COHEN and HOYT, JJ.

OPINION

HOYT, Justice.

A jury found appellant guilty of unauthorized use of a motor vehicle and assessed his punishment at confinement for five years.

In his sole point of error, appellant challenges the sufficiency of the evidence to sustain the conviction because he claims that the evidence failed to show that the vehicle that he was driving was the same as the vehicle that the complainant had reported stolen.

A challenge to the sufficiency of the evidence requires this Court to consider all of the evidence in the light most favorable to the jury's verdict, and to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Flournoy v. State*, 668 S.W.2d 380 (Tex.Crim. App.1984).

The relevant portion of the indictment alleged that appellant:

> on or about the 4th day of June 1986, and before the presentment of this indictment, in the county and state aforesaid, did then and there intentionally and knowingly operate one motor-propelled vehicle, to-wit: One Ford Supercab without the effective consent of the owner, Archie Graham.

Tommy Hartman, a deputy sheriff in Waller County at the time of the alleged offense, testified that he arrested appellant based on a felony warrant, but also re-

ceived a radio dispatch that appellant might be driving a stolen "pickup" truck. When appellant was arrested, he was driving a "white colored Ford F250 Supercab Pickup '86 model." Hartman testified that the vehicle was motor-propelled, license number 8450HL. On verifying the license plate number, Hartman found that the plate was not listed in the motor vehicle division files. He testified that when new plates are issued, this sometimes occurs. Hartman then checked the registration records and found that the license plate belonged to a 1982 Ford truck, and not the 1986 truck appellant was driving.

Hartman also testified that he obtained the vehicle identification number of the 1986 Ford Supercab from the truck, and that this number was 1FTHX25L2GKA26918. According to Hartman, this registration number was not in the motor vehicle division files either, because the vehicle had not been sold and registered.

Archie Graham testified that he owned Graham Ford Sales in Taylor, Texas. After receiving a call from the sheriff's department, he found that a vehicle was missing from his lot, and he reported it stolen. He described the vehicle as a white 1986 Ford Supercab pickup, serial number 1FTHX25L2GKA269018. He also testified that he did not give the appellant permission to drive the vehicle.

Graham admitted that the vehicle identification number to which he testified was taken off of a letter from his insurance company and probably contained a typographical error.

Appellant did not testify.

Appellant contends that because of the one digit discrepancy, i.e., the zero, in the vehicle identification numbers, the evidence does not prove that Graham's vehicle was the identical one that appellant was driving.

The direct evidence indicates that Graham's car was a Ford Supercab truck and that the car driven by appellant was also a Ford Supercab truck. It was also shown that the cars were the same color and the same year's model. Despite the one-digit discrepancy in the vehicle identification numbers, we find that the evidence, when viewed in the light most favorable to the prosecution, is sufficient for any rational trier of fact to find the essential elements of a crime beyond a reasonable doubt. The jury could have reasonably found that the number that Officer Hartman testified to was correct, based on his personal observation of the truck. This number was confirmed, except for the extra digit added by a secondary source, Graham's insurance company.

 We also note that the identification number was not alleged in the indictment, and thus was not required to be proved, as distinguished from *Chambers v. State*, 711 S.W.2d 240 (Tex.Crim.App.1986).

Appellant's sole point of error is overruled.

The judgment is affirmed.